to an indictment when it appears on the face thereof that it does not conform substantially to the requirements of section 275 of the Code of Criminal Procedure (Code Crim. Pro., § 323, subd. 2). Section 275 provides that the indictment must contain "a plain and concise statement of the act constituting the crime, without unnecessary repetition." This indictment is anything but plain and concise. It is repetitious, prolix, contains much irrelevant and improper matter and lacks arrangement and orderliness. It is confused and confusing and very inartistically drawn. If one painstakingly searches the document and the maze of allegations therein and draws certain inferences, he may glean a theory of conspiracy to obstruct justice by violating the provisions of the Penal Law relating to larceny and to public morals. This is the most that can be said for this so-called indictment. It would be most unfair to defendants to force them to trial under an indictment such as this. It would also present great difficulties to the Trial Judge and, if the indictment is read to the trial jury, it would be confusing to the jury. The object of section 275 is to prevent indictments of this type. The order appealed from permits resubmission. Just why this was not done, rather than to endeavor to defend the indefensible paper that is before us is difficult to understand. The order appealed from should be affirmed. (Appeal by plaintiff from order and amended order of Onondaga County Court dismissing an indictment charging conspiracy. The amended order directed resubmission to the Grand Jury.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CHARLES WARNER, Respondent.— Same decision as in case of *People* v. *Sink* (16 A D 2d 868). (Appeal by plaintiff from order and amended order of Onondaga County Court dismissing an indictment charging conspiracy. The amended order directed resubmission to the Grand Jury.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. EDWARD KLAMM, Respondent.— Same decision as in case of *People* v. *Sink* (16 A D 2d 868). (Appeal by plaintiff from order and amended order of Onondaga County Court dismissing an indictment charging conspiracy. The amended order directed resubmission to the Grand Jury.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PERCY HARRIS, JOAN PAT PHILLIPS, MICHAEL J. KRISAK, BRUCE THOMAS SHATTUCK, JACK HAZEL and SAM LONGO, Respondents.— Order unanimously affirmed. (Appeal by plaintiff from order of Onondaga County Court dismissing the first count of an indictment charging defendants with the crime of aiding a known prostitute to come to Syracuse, N. Y., from Gary, Indiana.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

JOSEPH P. D'ANGELO, v. JEANETTE E. GREENBERG, Doing Business as ATLANTIC HEATING & EQUIPMENT Co., Appellant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Erie Special Term denying motions of defendant to dismiss the complaint.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

DAIRYMEN'S LEAGUE COOPERATIVE ASSOCIATION, INC., Respondent, v. F. A. CONRAD, Individually and as President of Milk Drivers and Dairy Employees Union Local No. 338, et al., Appellants.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal by defendants from order of Onondaga Special Term (entered in Oneida County) granting plaintiff's motion for a temporary injunction and denying defendants' cross motion to dismiss the complaint.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ. [33 Misc 2d 914.]